UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| v. ) | **CRIM. NO. 05-357 (RMU)** |
| ) | **CRIM. NO. 05-356 (RMU)** |
| ) | |
| **EDGAR FIELDS, et al.** ) | |

**DEFENDANTS' MOTION TO RE-SCHEDULE STATUS HEARING
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the defendants, through undersigned counsel, and respectfully moves this Court to re-schedule the status hearing currently set for October 11, 2005 at 10:00 A..M.. In support of this motion defendant states as follows:

1. On or about September 29, 2005, the defendants were both arraigned on the charges in Case No. 05-357, which was a grand jury original. Mr. Fields was also arraigned on a one count indictment in 05-356.

2. Notice of the arraignment had been sent to the defendants by mail. Mr. Berry appeared in response to the mailed notice. Undersigned counsel met Mr. Berry for the first time shortly before the hearing.[1] Mr. Fields also appeared in response to the mailed notice of the hearing.

3. Undersigned counsel advised the Court that counsel had just met the defendant, and that no discovery had been provided. In addition, since the matter was a grand jury original the defense knew nothing about the evidence in the case, or what motions, if any, would have to be filed. Therefore, the Court agreed not to set a motions schedule, and instead scheduled a status

---

[1] Prior to the arraignment, undersigned counsel was contacted by the Office of the CJA Panel Administrator and asked to represent Mr. Berry in this case. Counsel had no contact information for Mr. Berry and was therefore unable to meet with him before the arraignment.

hearing on October 11th at 10:00 A.M. with the consent of all counsel.

4. Thereafter, counsel for Mr. Berry realized that he had overlooked a scheduling conflict. Counsel has a motions hearing scheduled that day at 10:00 A.M. before Judge Lamberth in *United States v. Gerald Eiland*, et al., a multi-defendant case.[2]

5. As a result, counsel for Mr. Berry needs to ask the Court to re-schedule the matter. Counsel has discussed the scheduling conflict with co-defendant's counsel and government counsel. All counsel can be available between 9:00 A.M. and 9:45 A.M. on October 11th, if the Court can hear the matter earlier on that day. If the Court can not conduct the status hearing earlier on October 11th, the parties can confer with the Court's courtroom clerk and propose other dates for the hearing.[3]

6. In addition to counsel's need to re-scheduled because of the conflict, the parties jointly request that the Court consider re-scheduling the status hearing in a couple of weeks in order to have a more meaningful status hearing. The Court expressed an interest in having the parties confer and advise the Court about the likelihood of dispositions in the case. However, it does not appear that the parties will be able to provide any meaningful "status" information to the Court on Tuesday. The prosecutor took over the case shortly before the arraignment, and has been in trial

---

[2] The *Eiland* case was originally scheduled at 9:30 A.M., and counsel did not realize that the it was a motions hearing set that date. Thus counsel thought that a 9:30 matter would not conflict with the 10:00 A.M. status hearing, and that counsel would be able to appear in this matter at 10:00 A.M. However, counsel later realized that it was for a motions hearing in a multi-defendant case, and that it would therefore conflict with the status hearing in this matter. The motions hearing in *Eiland* has since been re-scheduled by the Court from 9:30 A.M. to 10:00 A.M.

[3] The parties all agree that an additional two weeks would facilitate a more meaningful status hearing. The prosecutor has been in trial since the arraignment, and has not been able to provide discovery, or plea offers, as of the filing of this motion. Monday is a court holiday, and the status hearing is on Tuesday. Thus, the parties it does not appear that the parties can be prepared for a meaningful status next Tuesday in any event.

since the arraignment. As a result, informal discovery and plea offers have not yet been provided to the defendants as of the filing of this motion. Monday is a court holiday, and the status hearing is on Tuesday. Thus, it does not appear that the defendants will be prepared for a meaningful status on October 11th in any event, and the parties jointly suggest that an additional two weeks would facilitate a more meaningful status hearing.

7. Counsel for defendant Fields has authorized undersigned counsel to make this a joint motion in order to request that both of the above-captioned cases be re-scheduled, and re-set for the same date and time.

WHEREFORE, for all the reasons set forth above, the parties respectfully request that the Court re-schedule the status hearing in the above-captioned cases to a mutually agreeable date and time.

Respectfully submitted,

/s/
Howard B. Katzoff (Bar No. 348292)
601 Indiana Avenue, NW  Suite  500
Washington, D.C.  20004
(202) 783-6414
Counsel for Damien Berry

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically upon Assistant United States Attorney Wanda Dixon, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20001, and defense counsel of record this __6th__ day of October, 2005.

/s/
_____
Howard B. Katzoff