UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO.  05-357(RMU) |
| | : | |
| **EDGAR FIELDS,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### GOVERNMENT'S NOTICE OF INTENT TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTION PURSUANT TO FED. R. EVID. 609 and MOTION TO ADMIT SAME

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background**

1. The defendant is currently charged with Distribution of Cocaine.  The defendant's prior convictions are as follows: On December 4, 2002, the defendant was convicted in the District of Columbia of Violating a Drug Free Zone, which is a felony (case no. F-4885-02).  The defendant was sentenced  to 15 months incarceration, suspended,  followed by 18 months of probation.  Should defendant Fields choose to testify, the government seeks to use his conviction, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

## II. Fed. R. Evid. 609(a)(1)

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The crimes described above are punishable by incarceration for up to five years. This Court should permit the use of the convictions to impeach the defendant because their probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. Should he choose to testify, defendant's credibility will be a central issue in the case. The probative value of the convictions, therefore, is quite high. Id. With respect to the prejudice prong of the analysis, the Court of Appeals recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value. In addition, in United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980), the court noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

## III. Fed. R. Evid. 609(b)

4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant was

convicted in the above-referenced case within the past ten years. Thus, the conviction may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
Wanda Dixon
Assistant United States Attorney
Narcotics Section
555 4th Street, N.W.
Room 4122
Washington, D.C. 20001
(202) 514-6997