UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.   05-357-01 (RMU) |
| | : | (Under Seal) |
| EDGAR FIELDS | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING AND NOTICE TO THE COURT THAT GOVERNMENT DOES NOT SEEK A DOWNWARD DEPARTURE**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits its memorandum in aid of sentencing. In supplement to this motion, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter.

*Discussion*

*The Defendant's Criminal Conduct*

On August 13, 2005, at approximately 10:36 a.m., officers from the United States Park Police were patrolling the area of the intersection of Mississippi Avenue and 10th Place, SE, in Washington, DC. The officers observed the defendant, Edgar Fields, operating a white GMC SUV without a front license tag. The vehicle's rear license tag was a hard plate tag issued by the District of Columbia. Vehicles registered in the District of Columbia are required to bear both a front and a rear license tag. The officers conducted a traffic stop of the vehicle that the defendant was driving. When asked to identify himself, the defendant gave the officers a false name. The defendant admitted that he did not have a driver's license. When asked to produce the registration of the vehicle, the defendant

reached towards the glove box and then hesitated. Without opening the glove box, the defendant informed the officers that he did not have the vehicle's registration. The defendant was placed under arrest for operating a vehicle without a permit. The defendant then truthfully identified himself as Edgar Fields. A search of the vehicle's glove box incident to the defendant's arrest revealed a loaded Glock 9 millimeter semi-automatic pistol. When the defendant was arrested for possessing that pistol on August 13, 2005, he had previously been convicted of a crime for which the potential penalty exceeds one year.

On the afternoon of August 25, 2005, in the 3200 block of 13th Street SE, Washington, DC, the defendant's co-defendant, Damian Berry, approached a confidential informant who had driven into the block. The confidential informant was working under the supervision of the Safe Streets Task Force, consisting of agents from the FBI and the DEA, and officers from the Metropolitan Police Department and the United States Park Police. As Berry approached the confidential informant, Berry asked the informant what it had. The informant responded that it had $80.00. The informant watched as Berry walked a short distance and met with the defendant, Edgar Fields, who was sitting on a wall. The defendant reached into his sock and retrieved an object that he handed to Berry. Berry returned to the informant and handed six rocks of cocaine base to the informant in exchange for the $80.00. During the purchase, Berry told the informant that his name was "Fats." The drugs were field tested and later sent to the DEA's chemistry laboratory where they were analyzed and confirmed to be cocaine base, with a net weight of 1.35 grams. As the investigation being conducted by the task force was ongoing, neither the defendant nor Berry was arrested on August 25, 2005.

*Procedural Background*

On September 22, 2005, the Grand Jury returned a one count indictment against the defendant in case number 05-356. Specifically, the indictment charged the defendant with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, with regard to the events of August 13, 2005.

On September 22, 2005, the Grand Jury also returned a four count indictment against co-defendant Damian Berry and the defendant in case number 05-357. Specifically, the indictment charged the defendant with three offenses, Distribution of Cocaine base and Aiding and Abetting on August 25, 2005, Distribution of Cocaine on September 1, 2007 and Distribution of Cocaine base on September 12, 2005.[1]

On March 23, 2006, the defendant pled guilty to Distribution of Cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The defendant pled guilty to the offense that he committed on August 25, 2005. The defendant took responsibility for 1.95 grams of cocaine base. The defendant entered the plea pursuant to a cooperation agreement. At the time of his plea, the defendant remained released on his personal recognizance.

*The Nature and Extent of the Defendant's Cooperation*

Pursuant to his plea agreement, the defendant agreed to engage in investigative activities under the direction of law enforcement authorities and to maintain regular contact with the agent handling his cooperation. In consideration for the defendant's prospective cooperation, the

---

[1] As the factual proffer to which the defendant agreed at his plea hearing did not include the facts of the offenses on September 1, 2005 and September 12, 2005, the Government declines to recite those facts in this submission.

Government agreed to inform the Court of the nature and extent of that cooperation. Additionally, the Government agreed that, if the defendant's cooperation could be characterized as significant, the Government would recommend a downward departure from the defendant's guideline range pursuant to § 5K1.1 of the Federal Sentencing Guidelines.

The Defendant failed to honor his agreement to engage in investigative activities with law enforcement authorities. Moreover, the defendant failed to maintain regular contact with that agent. By these failures, the defendant has violated his cooperation agreement. The defendant provided no cooperation as contemplated in his agreement. Accordingly, the defendant should not benefit from that agreement and the Government declines to recommend any departure pursuant to § 5K1.1.

*The Defendant's Guidelines Range*

The defendant's adjusted offense level for this offense is 20. Due to his acceptance of responsibility for the offense, the defendant is entitled to a three point downward departure. Therefore, the defendant's total offense level is 17. The defendant's criminal history places him in a criminal history category of III. Accordingly, the defendant's guidelines range for the offense calls for a period of incarceration from 30 to 37 months.

*Recommendation*

Given the defendant's failure to honor his cooperation agreement and the seriousness of the offense to which the defendant pled guilty, a sentence at the high end of the defendant's guideline range is appropriate. Moreover, the defendant's criminal history, which includes other drug offenses, and his possession of a firearm in case number 05-356, indicate that the defendant poses both a

danger to the community and a significant risk of recidivism.  Accordingly, the three year period of supervised release mandated by 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) is appropriate in this case.

**WHEREFORE**, the United States respectfully moves that the Court to impose a sentence of thirty-seven months' incarceration followed by three years of supervised release.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____
EDWARD A. O'CONNELL
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
D.C. Bar No. 460-233
555 Fourth Street NW
Room 4122
Washington, DC  20530
(202) 514-6997
(fax) (202) 514-8707

*Certificate of Service*

     I HEREBY certify that a copy of the foregoing Government's Memorandum In Aid of Sentencing and Notice To The Court That Government Does Not Seek A Downward Departure has been served by mail, postage prepaid, upon counsel for the defendant, Jonathan Jeffress, Esq. Assistant Federal Public Defender, 625 Indiana Avenue NW, Room 550, Washington, DC 20004, this 8th day of February, 2007.

                                       EDWARD A. O'CONNELL
                                       Assistant United States Attorney
                                       Organized Crime and Narcotics Trafficking Section
                                       D.C. Bar No. 460-233
                                       555 Fourth Street NW
                                       Room 4122
                                       Washington, DC  20530
                                       (202) 514-6997
                                       (fax) (202) 514-8707